UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV146-EHJ

MICHAEL EDWARDS                                                                                              PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                                    DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court upon plaintiff Michael Edwards' objections to the proposed Report and Recommendation of the United States Magistrate Judge.  The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed Report and Recommendation of the magistrate should be adopted, and the Decision of the Commissioner affirmed.

Mr. Edwards filed applications for Disability Insurance and Supplemental Security Income benefits on June 17 and 18, 2002, alleging that he became disabled on March 7, 2002 as a result of difficulties with his back, left knee, shortness of breath, chest pains, hernia, high blood pressure and arthritis (Tr. 91).  After a hearing on January 27, 2003, Administrative Law Judge Kenneth Krantz ("ALJ") found that Mr. Edwards has severe impairments including degenerative disc disease, degenerative joint disease, obesity and hernia -- status post surgical repair (Tr. 21).  The ALJ found that these impairments are severe, but do not meet or medically equal listed impairments (Tr. 25). Based upon the ALJ's residual functional capacity findings, the claimant was not deemed capable of returning to his previous relevant work, but retains the capacity to perform a significant range of sedentary work with avoidance of pulmonary irritants (Tr. 22).

The claimant appealed the ALJ's unfavorable Decision to this Court, and the Magistrate Judge has recommended that the Commissioner's Decision be upheld. The plaintiff has filed objections to the Magistrate's report, arguing: 1) the ALJ failed to give adequate basis for his finding that plaintiff retains the residual functional capacity to perform sedentary work (and that the magistrate erred in finding the controlling hypothetical to be premised upon the state agency assessment); 2) the ALJ failed to give adequate consideration to the plaintiff's testimony regarding his pain and limitations; 3) there exists medical evidence of record that would support a conclusion that plaintiff cannot sustain sedentary work; and 4) the Court should consider the radiographic and EMG evidence submitted after the final decision in February of 2003 documenting nerve root involvement at L5-S1.

After reviewing the record in its entirety and conducting a de novo review of the matters raised by each of these objections, the Court has determined that the analyses and conclusions of the Magistrate Judge mirror those of the undersigned. The Court adopts the Magistrate Judge's Report and Recommendation in its entirety in lieu of writing a separate opinion.

A Judgment in conformity has this day entered.